# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL T. HELDRETH,**
**Claimant Below, Petitioner**

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0951** (BOR Appeal No. 2050343)
                    (Claim No. 2013011061)

**NOVELIS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael T. Heldreth, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Novelis Corporation, by Daniel G. Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 4, 2015, in which the Board affirmed a March 11, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 5, 2013, decision to deny the request to open the claim for temporary total disability benefits and granted temporary total disability for the period of November 24, 2012, through December 20, 2012. The Office of Judges affirmed the claims administrator's September 17, 2013, decision to deny the request for a lumbar fusion at L5-S1. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Heldreth, a factory worker for Novelis Corporation, sprained his lower back in the course of and as a result of his employment on October 23, 2012. His claim was held compensable for a lumbar sprain and he was granted temporary total disability benefits from October 24, 2012, through November 23, 2012. Steven A. Smith, M.D., authored a return-to-work slip on November 5, 2012, and opined that Mr. Heldreth should be excused from work from November 5, 2012, through December 20, 2012. On November 24, 2012, Dr. Smith

1

completed another return-to-work slip, in which he opined that Mr. Heldreth would be off from November 24, 2012, through December 21, 2012. A November 27, 2012, MRI showed moderate disc bulging and degenerative facet changes at L4-5 with mild central stenosis and bilateral foraminal narrowing. The impression was acute muscular strain of the lumbar spine with a disc bulge at L5.

On December 20, 2012, treatment notes from Dr. Smith indicated that Mr. Heldreth had been making some progress in physical therapy, but his symptoms were generally worse. He suggested a referral to a spine specialist and filled in a form indicating that Mr. Heldreth would be off work through January 10, 2013. Mr. Heldreth was granted temporary total disability benefits from December 20, 2012, through January 21, 2013.

Mr. Heldreth reported back to Dr. Smith on January 18, 2013, and he opined that Mr. Heldreth could return to work with limitations. Dr. Smith advised that Mr. Heldreth was to begin working for four hours a day and then progress by two hours each week. On March 11, 2013, a nerve conduction study by Alvaro R. Gutierrez, M.D., showed unremarkable findings. On May 2, 2013, Mr. Heldreth filed a reopening application for temporary total disability benefits. In the physician's section, it stated that he was suffering from low back pain and right lower extremity radiculopathy with an L4-5 disc bulge causing mild foraminal stenosis. Dr. Smith completed the physician section and was uncertain if an aggravation or progression of the compensable condition had occurred.

The claims administrator denied the request to reopen Mr. Heldreth's claim for temporary total disability benefits on June 5, 2013. It noted that there was not an aggravation or progression of the compensable injury. Stanford Emery, M.D., examined Mr. Heldreth and he was currently experiencing pain radiating down his right leg to his foot as well as back pain. Dr. Emery opined that he clearly had some pre-existing lower back issues but he also clearly aggravated them by the compensable injury. Dr. Emery opined that surgical intervention was necessary because he had been suffering for nine months with little relief from injections, physical therapy efforts, chiropractic treatments, and medications.

Mr. Heldreth was deposed on August 20, 2013, and noted that he did not work between October 23, 2012, and January of 2013. He relayed that benefits had been stopped as of November 23, 2012. He noted that they started again on December 20, 2012. He stated that after the injury, pain radiated down his right leg. He had been treated by Charles Werntz, D.O. He stated that he did not know why the pain was going down his right leg. He returned to work on January 24, 2013, and worked light duty. He also stated that no one told him that he needed surgery at the time.

On September 4, 2013, Mr. Heldreth was examined by ChuanFang Jin, M.D. Dr. Jin felt he was unable to perform his preinjury work. Medical evidence suggested he had pre-existing degenerative disc disease of the lumbar spine as well as congenital or developmental spondylolisthesis with L5 over S1. Dr. Jin opined that his current symptoms were most likely related to this pre-existing pathology. She noticed that the surgery recommended by Dr. Emery was for spondylolisthesis. She noted that treatment of this condition should not be compensable

2

because it was pre-existing and long standing. The claims administrator denied the request for a L5-S1 lumbar fusion on September 17, 2013. Mr. Heldreth underwent a spinal fusion surgery at L5-S1 on December 10, 2013

On August 14, 2014, Mr. Heldreth testified in another deposition. He noted that he continued to have pain in the low back and right leg. He explained that he underwent a spinal fusion surgery at L5-S1 on December 10, 2013. Dr. Emery, the surgeon, had not wanted him to return to work, but rather to continue physical therapy. He was off work from October 4, 2013, through June 24, 2014. From February 11, 2013, to October 4, 2013, he was on reduced work of four hours a day and then six hours a day.

The Office of Judges determined that the lumbar surgery at L5-S1 was not medically related and reasonably required to treat the compensable lumbar sprain. The Office of Judges determined that the requested surgery was due to pre-existing lower back problems. The Office of Judges adopted the reports of Dr. Jin and Dr. Emery who opined that the surgery was due to pre-existing spondylolisthesis. The Office of Judges further found that Mr. Heldreth was entitled to temporary total disability benefits from November 24, 2012, through December 20, 2012. The Office of Judges found that the benefits stopped on, but did not include December 20, 2012, and no reason existed to restart the benefits after December 20, 2012, because from that point on the disability was related to spondyloslisthesis, for which a lumbar fusion was later required, and was not justified because it was due to pre-existing conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the findings and conclusions of the Office of Judges and Board of Review. Dr. Jin and Dr. Emery opined that the L5-S1 lumbar surgery was due to pre-existing spondylolisthesis. Because their opinions are supported by the record, it was not in error to adopt their positions. The Office of Judges and Board of Review were also correct in limiting the temporary total disability benefits from November 24, 2012, through December 20, 2012. Mr. Heldreth was injured on October 23, 2012, and his temporary total disability benefits were closed on December 20, 2012. Because no sufficient justification has been shown to continue benefits after December 20, 2012, the Office of Judges and Board of Review were not in error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum